IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,           *

 vs.                                *     CRIMINAL ACTION FILE

ANGELA THICKLIN,                    *     NO.1:14-CR-012-AT-JFK

      Defendant.                    *

## SENTENCING MEMORANDUM

COMES NOW the Defendant Angela Thicklin, by and through undersigned counsel, and provides the following information under relevant case law and Title 18 U.S.C. Section 3553(a) for the Court's consideration in determining an appropriate sentence.

Angela Thicklin understands that she committed an extremely serious crime, and she understands that she has betrayed the trust placed in her by her friends, and family, and she is profoundly remorseful. In seeking some measure of leniency we appeal not to sympathy but to reason. We request a sentence that is both rational and proportionate.

## I. Ms. Thicklin withdraws her objection to the Sentencing Guideline calculations.

She is presently at an offense level of 19, Criminal History Category I.

## II. Requests for departure and variances.

**A.***New fraud guidelines*. Ms.Thicklin requests a **two-level downward variance** to take into account the new fraud guidelines passed by the Sentencing Commission and due to take effect on November 1, 2015. In January of 2015, the United States Sentencing Commission announced the proposal of amendments to USSG § 2B1.1. The result of these amendments would lower the fraud calculations for Ms. Thicklin by two levels( 6 levels would be added to the base offense level for a loss between $40,000 and $95,000 instead of the current 8 levels for a loss greater than $70,000).

Granting this two level variance for Ms. Thicklin is a fair and just thing to do. Furthermore, if this variance request is granted, Ms. Thicklin agrees to make no future request to obtain the same two-level reduction (twice), based upon the changes to the fraud loss table after the amendment takes effect on November 1, 2015.

**B. *Role in the offense*.**   Ms. Thicklin request a two level downward variance because she was a minor participant in the criminal activity.  The scheme was designed and controlled by co-defendant Raytosha Elliott. In fact, all of Ms. Thicklin's conduct  associated with the scheme was directed, counseled and controlled by Ms. Elliott. Ms. Elliott was the one who  recruited Ms. Thicklin into the

2

scheme, and she came to Ms. Thicklin's house to incorporate 3M construction from Ms. Thicklin's computer.  Ms. Elliott made several of the deposits into the bank account of 3M, and she directed Ms. Thicklin when to and how to withdraw money from the account. Further, Ms. Thicklin did not have a full understanding of the scope and structure of the enterprise and of the activities of others involved in the enterprise.

### III. 3553(a) Factors

#### A. *The Advisory Guideline Range is not to be Presumed Reasonable*

The Supreme Court stated in no uncertain terms that the Guidelines cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory factors spelled out in Title 18 U.S.C. Section 3553(a). Nelson v. United States, 129 S.Ct. 890 (2009)(per curiam); Spears v. United States, 129 S.Ct. 840(2009)(per curiam). The Court's decisions in Spears and Nelson built upon its earlier decision Kimbrough v. United States, 128 S.Ct. 558 (2007), and Gall v. United States, 128 S.Ct. 586 (2007), establishing the Sentencing Guidelines as simply an advisory tool to be considered alongside the other Section 3553(a) factors.

"Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable." Nelson. 129 S.Ct. At 892. "The

Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." Id. In other words, sentencing courts commit legal error when they use a Sentencing Guidelines range as a default sentence, unless reasons exist to impose a sentence inside that range.

Although sentencing courts must still consider the Sentencing Guidelines, Congress has required federal courts to impose the least amount of imprisonment necessary to account for the considerations and accomplish the sentencing purposes set forth in  Title 18 U.S.C. Section 3553(a). These include (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available, (c) the advisory Guidelines range; (d) the need to avoid unwarranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational and vocational training, medical care, or other correctional treatment. See Kimbrough, 128 S. Ct, at 570.

This statutorily mandated "parsimony provision" is not just another factor to be considered along with the other factors set forth in Section 3553(a) - it sets an independent limit upon the sentence. In addition, there is no limitation concerning the

background, character and conduct convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. Title 18 U.S.C. Section 3661.

After through consideration of a sentence under the guidance of Section 3553(a), a sentencing court may find that a particular case falls outside the "heartland" contemplated by the guidelines or that "the guidelines sentence itself fails to properly reflect the Section 3553(a) considerations," or that **"the case warrants a different sentence regardless."** <u>Rita v. United States</u>, 127 S.Ct. 2456, 2465 (2007)(emphasis added). Although the District Court must begin its analysis by correctly calculating the advisory sentencing range, the sentencing court is then free, in light of the other statutory sentencing factors, to impose an entirely different sentence. This is because, under <u>Rita</u>, a district court is free to disagree, based on the Section 3553(a) sentencing factors, with the United States Sentencing Guidelines'(USSG) "rough approximation" of the appropriate sentence for any given case. <u>Id</u>.

### B. Ms. Thicklin's history as a law abiding citizen

As noted in the PSR, Ms. Thicklin has no criminal history points. In fact, she has never been arrested or convicted of anything other than traffic offenses. For the vast majority of Ms. Thicklin's life, she has been a hard-working single mother trying

to make ends meet, and but for the influence and direction of Ms. Elliott, Ms. Thicklin would not have been involved in criminal scheme that has brought her before the court. There is no indication that Ms. Thicklin was inclined to violate the law before she came under the influence of Ms. Elliott, or since she voluntarily ceased participating with Ms. Elliott over five years ago.

### C. Ms. Thicklin's physical health

Since being released on bond, Ms. Thicklin has been hospitalized on two occasions for pancreatitis. Ms. Thicklin has been informed that the condition is chronic and will require medication to manage it the rest of her life.

### D. Collateral consequences of the offense

As a result of the offense, Ms. Thicklin has already lost her job as a director of academic support and services at Emory University's school of law where she had worked since 2008. Furthermore, this felony conviction will severely restrict Ms. Thicklin's future employment prospects.

## Conclusion

Based on all the above factors, the Defendant respectfully submits that a sentence of probation would be reasonable and appropriate.

Respectfully submitted,

/s/ Paul M. Cognac
ATTORNEY FOR DEFENDANT
Bar No. 173334

1401 Georgian Park, Suite 110
Peachtree City, Georgia 30269
(678)826-6186

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of the within and foregoing Memorandum using the ECF system which will automatically send e-mail notification of such filing to opposing counsel,  AUSA Stephen McClain. This 13th day of September, 2015.


/s/ Paul M. Cognac
Paul M. Cognac
Georgia Bar No. 173334
Attorney for Defendant


1401 Georgian Park, Suite 110
Peachtree City, Georgia 30269
(678)826-6186